UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeffery L. Anderson,            Case No. 3:19-cv-02424

    Plaintiff

v.            MEMORANDUM OPINION
           AND ORDER

Dr. Forolics, et al.,

    Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Jeffery L. Anderson filed this action under 42 U.S.C. § 1983 against Physician Dr. Forolics, Core Civic, and Courtney Walker. In the Complaint, Plaintiff alleges Defendants involuntarily dosed him with antipsychotic medication. He seeks to have the remainder of his sentence vacated.

Plaintiff alleges he was transferred to the Allen Oakwood Institution after an incident in which inmates were smoking heroin. He claims he was taken immediately to the mental health department where he was seen by Dr. Forolics. Dr. Forolics determined Plaintiff had a history of mental illness and that he required an injection of Haldol. Plaintiff refused treatment. He indicates that a hearing was held and Dr. Forolic's proposed treatment plan was ordered into effect. Plaintiff appealed that decision, but his appeal was denied. He claims prison medical personnel came to his cell and asked him to take the medication. He refused. He indicates the officers opened the

window to his cell and fired on him with a machine gun. He states other officers came in with shields and forced him to the ground. They placed cuffs on his wrists and ankles and injected him with Haldol. He indicates he is certified with the American Red Cross in adult, child, and infant CPR, First Aid, and operation of an AED.

Plaintiff asks that an unnamed Deputy Sheriff be charged with kidnaping because he put feces in Plaintiff's food causing him to develop "TB." He states the Deputy tried to kill him in his cell. Plaintiff contends he left him in the cell for his own safety with the door shut. He asks that his remaining sentence be vacated.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). I, however, am given discretion to refuse to accept without question the truth of allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## ANALYSIS

As an initial matter, Plaintiff fails to identify a legal basis for his Complaint. I can liberally construe two possible claims from the facts alleged but arising under the Eighth Amendment. First, Plaintiff could be asserting a claim pertaining to his involuntary medication. Second, Plaintiff could be asserting a claim pertaining to the manner in which he was subdued and injected.

There is a recognized Eighth Amendment protection for prisoners against "deliberate indifference" to a serious medical need, but that indifference generally involves the failure to provide medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In cases like Plaintiff's, where the medical personnel are treating him and have made a decision about the precise course of action he requires, claims are generally unsuccessful. *E.g., Davis v. Agosto*, 89 F. App'x 523, 529 (6th Cir. 2004) (denying Eighth Amendment claim on summary judgment where Defendant argued that the unwanted treatment of a head wound unnecessarily inflicted pain upon him). This is because failing to prevent medical harm only rises to the level of a constitutional violation where the medical condition was objectively serious, and the Defendants were deliberately indifferent to treating that condition. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Where the prisoner was in the care of a doctor and the allegation is deliberate indifference based on care provided, the Eighth Amendment is violated only if the prisoner received treatment that was "so grossly incompetent, inadequate, or

3

excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1034 (11th Cir.1989)); *Perez v. Oakland County*, 466 F.3d 416, 424 (6th Cir. 2006). Here, Plaintiff alleges only that he did not want to take Haldol. There is no allegation suggesting that the prison doctors provided "grossly inadequate care" or that their treatments were so medically unsound as to violate the law.

In addition, Plaintiff names Core Civic and Courtney Walker as Defendants. He does not indicate what role, if any, they had in making the decision to treat him. Absent allegations to establish they violated his rights, Plaintiff cannot hold them liable. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

Plaintiff may also be attempting to assert a claim for use of excessive force to restrain him for the injection. Plaintiff, however, does not indicate who engaged in these actions. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo, 423 U.S. at 371.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleading to determine its legal viability, I conclude it fails to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge